UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EVERTON SMITH,

        Petitioner,

v.                                            17-CV-379-LJV-JJM
                                                DECISION & ORDER
HAROLD D. GRAHAM,

        Respondent.
_____

On May 1, 2017, the *pro se* petitioner, Everton Smith, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. On October 17, 2019, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13. In the meantime, on June 4, 2018, Smith filed a reply in further support of his petition and asked for a stay and abeyance "to allow him to return to the state court and exhaust [any] unexhausted claims." *See* Docket Item 12 at 8; *see also Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) (describing stay-and-abeyance procedure).

On January 14, 2022, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Smith's motion for a stay and abeyance should be denied without prejudice with leave to renew upon a proper showing under *Rhines*. Docket Item 14. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to deny Smith's motion for a stay without prejudice.

For the reasons stated above and in the R&R, Smith's motion for a stay and abeyance, Docket Item 12, is DENIED without prejudice.  **Within 30 days of the date of this order,** Smith may renew his motion for a stay and abeyance to show that he satisfies the requirements of *Rhines*.  As Judge McCarthy advised, Smith's renewed motion should "(1) articulate the specific allegations in support of his ineffectiveness claim and explain why the claim is potentially meritorious; (2) state whether he has filed a C.P.L. § 440.10 motion or whether he has taken any steps toward doing so; and (3) describe in detail the circumstances constituting 'good cause' for his failure to exhaust his ineffectiveness claim before filing his federal habeas petition."  Docket Item 14 at 9; *see also Rhines*, 544 U.S. at 278 (noting that a district court may stay a mixed petition when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

Smith cannot proceed on both exhausted and unexhausted claims in one petition. So if Smith does not renew his motion for a stay and abeyance within 30 days of the date of this order or request an extension of time to do so, this Court will presume that he would "prefer[] to have the Court proceed on his exhausted claim[s] rather than dismiss his entire petition." *Murray v. Cunningham*, 2019 WL 4279287, at *6 (E.D.N.Y. Sept. 10, 2019); *see also Young v. Great Meadow Corr. Facility Superintendent*, 2017 WL 480608, at *6 (S.D.N.Y. Jan. 10, 2017) ("[T]he Court will presume, unless [the] petitioner expressly indicates otherwise . . ., that he would rather withdraw his unexhausted claim than face the dismissal of his entire petition."). For that reason, if Smith does not renew his motion, his unexhausted claim will be dismissed and only his exhausted claims will remain. Smith is warned, however, that he then may be unable to bring the unexhausted claim in a second or successive habeas petition.[1] *See* 28 U.S.C. § 2244(b).

The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of October 17, 2019, Docket Item 13.

SO ORDERED.

Dated:   March 7, 2022
         Buffalo, New York

*[signature: Vilardo]*

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[1] Smith also is warned that standing alone, a "claim of actual innocence would not itself be a sufficient basis" for a court "to consider a second or successive habeas application." *Cosey v. Lilley*, 460 F. Supp. 3d 346, 367 (S.D.N.Y. 2020). The showing necessary to entertain such a claim "requires not only sufficient evidence of actual innocence, but also a constitutional error." *Id.*