UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EVERTON SMITH,

        Petitioner,

   v.                                                   17-CV-379-LJV-JJM
                                                            DECISION & ORDER
HAROLD D. GRAHAM,

        Respondent.
_____


On May 1, 2017, the *pro se* petitioner, Everton Smith, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  On October 17, 2019, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 13.

On January 14, 2022, Judge McCarthy issued a Report and Recommendation ("first R&R") finding that Smith's motion for a stay and abeyance, *see Rhines v. Weber*, 544 U.S. 269 (2005), should be denied without prejudice.  Docket Item 14.  After no party timely objected to Judge McCarthy's first R&R, this Court accepted and adopted Judge McCarthy's recommendation, denied Smith's motion for a stay and abeyance without prejudice, and gave Smith 30 days to renew his motion and make a proper showing under *Rhines*.  Docket Item 15.

Smith did not renew his motion for a stay and abeyance or otherwise respond to this Court's order before the time to do so elapsed.  So on July 25, 2022, Judge McCarthy issued a second Report and Recommendation ("R&R"), this one recommending that this Court review only Smith's exhausted claims and dismiss his

petition for a writ of habeas corpus. Docket Item 16. The parties did not object to the R&R, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's careful and thorough R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to dismiss Smith's petition.

For the reasons stated above and in the R&R, Smith's application for a writ of habeas corpus, Docket Item 1, is DENIED, and the petition is DISMISSED. The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial

showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Smith must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 25, 2022
Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE